# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:19-cr-080
                                              Also 3:20-cv-117

                                              District Judge Thomas M. Rose
  - vs -                            Magistrate Judge Michael R. Merz

JAMES WARREN,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

Defendant James Warren has filed *pro se* a Motion to Vacate his conviction under 28 U.S.C. § 2255 (ECF No. 36). As with all requests for post-conviction relief filed at the Dayton location of court, the Motion to Vacate is referred to the undersigned under General Order DAY 13-01 for report and recommendations; final decision on the Motion to Vacate remains with District Judge Rose.

The case is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

> response within a fixed time, or take other action the judge may order.

Defendant seeks relief under the decision of the United States Supreme Court in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), decided June 21, 2019.

> In *Rehaif* the Supreme Court interpreted 18 U.S.C. § 922(g) which provides criminal penalties for certain classes of persons to possess firearms, including aliens who are illegally or unlawfully within the United States. The Court held that the *mens rea* element of the statute – knowingly – applied to knowing whether one was within one of the prohibited classes. However, the only provision of § 922(g) at issue in the case was § 922(g)(5) relating to aliens; the Court expressly declined to express a view "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here."

*United States v. Clegg,* 2019 WL 5307349 (S.D. Ohio Oct. 21, 2019).

Warren was convicted in this Court and sentenced on October 23, 2019, four months after *Rehaif* was decided. He entered into a Plea Agreement with the United States in this case on July 9, 2019, several weeks after *Rehaif* was decided. Thus to the extent it is applicable to this case at all, *Rehaif* was available to be applied before judgment was entered. There is no need to consider here whether *Rehaif* is retroactively applicable to cases on collateral review because it was available to be relied on before judgment or on direct appeal. Warren claims he took no direct appeal because "there was previously no precedence [sic] in accordance with this particular issue" (Motion, ECF No. 36, PageID 153.) However, the *Rehaif* decision was handed down before the Plea Agreement in this case, before sentencing, and before the time for appeal had run.

Because Warren never raised his *Rehaif* claim in this Court or on direct appeal, he has procedurally defaulted it. It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761(6th Cir. 2013), *quoting Regalado v. United States*,

2

334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v.Frady*, 456 U.S. 152, 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra*, citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

A second reason why the Motion to Vacate should be denied is that Warren waived his right to collaterally attack his conviction. The Plea Agreement provides:

> **9. Waiver of Appeal and Post-Conviction Proceedings:** Defendant waives the right to appeal his conviction and/or sentence on any grounds and further waives the right to contest his conviction and/or sentence in any post-conviction proceeding, including, but not limited to, any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 20, PageID 48.) Because the claim Warren makes is neither ineffective assistance of trial counsel nor prosecutorial misconduct, he cannot bring is by motion under § 2255.

The third reason the Motion should be denied is that Warren has admitted all the required scienter elements for a conviction under 18 U.S.C. § 922(g)(1) even if *Rehaif* applies to convictions under that section. Statement of Facts attached to the Plea Agreement provided:

> The United States and Defendant James Warren stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt.
>
> \* \* \*
>
> On or about March 27, 20 19, Defendant JAMES WARREN , in the Southern District of Ohio, possessed a firearm after having been previously convicted of a felony offense. . . . Defendant knowingly possessed the three firearms.

3

> Prior to March 27, 2019, Defendant had been previously convicted of felony offenses punishable by greater than one year imprisonment, namely:
>
> 1) on or about November 12, 2008, in the Montgomery County, Ohio Court of Common Pleas, case number 2008 CR 004 10/B, of "Felonious Assault (Police Officer)(Deadly Weapon);
>
> 2) on or about November 12, 2008, in the Montgomery County, Ohio Court of Common Pleas, case number 2008 CR 03447, of "Trafficking in Cocaine (25 grams but < 100 grams (crack))."
>
> Defendant knew he had been previously convicted of an offense punishable by greater than one year imprisonment when he possessed the firearms on or about March 27, 2019.
>
> Defendant acknowledges that the three firearms were manufactured outside the State of Ohio.

*Id.* Thus Warren admitted he knew all the facts necessary to prove each of the elements of the crime of which he was convicted. To the extent Warren may be claiming that he did not know it was illegal for a person previously convicted of a felony to possess a firearm, that is essentially a claim that he was ignorant of the law, which has never been a defense. Ignorance of the law does not generally excuse criminal conduct. *Cheek v. United States,* 498 U.S. 192, 191 (1991).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.