# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:19-cr-080
                                            Also 3:20-cv-117

                                            District Judge Thomas M. Rose
  - vs -                              Magistrate Judge Michael R. Merz

JAMES WARREN,

            Defendant.    :

## DECISION AND ORDER

This case is before the Court on Defendant James Warren's Motion to Vacate his conviction under 28 U.S.C. § 2255 (ECF No. 36). Under General Order DAY 13-01, the case was automatically referred to Magistrate Judge Michael R. Merz for report and recommendations. He filed a Report on March 24, 2020, recommending that the Motion be denied without ordering the Government to respond (ECF No. 37). Defendant has now filed timely Objections (ECF No. 38). As required by Fed.R.Civ.P. 72(b), the Court has reviewed de novo those portions of the Report to which Defendant has made specific objection and rules on those objections in this Decision.

Defendant seeks relief under the decision of the United States Supreme Court in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), decided June 21, 2019.

> In *Rehaif* the Supreme Court interpreted 18 U.S.C. § 922(g) which
> provides criminal penalties for certain classes of persons to possess
> firearms, including aliens who are illegally or unlawfully within the

1

> United States. The Court held that the *mens rea* element of the statute – knowingly – applied to knowing whether one was within one of the prohibited classes. However, the only provision of § 922(g) at issue in the case was § 922(g)(5) relating to aliens; the Court expressly declined to express a view "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here."

*United States v. Clegg,* 2019 WL 5307349 (S.D. Ohio Oct. 21, 2019).

The Magistrate Judge recommended denying Defendant's Motion because he had not made a claim under *Rehaif* either in this Court or on appeal and thereby procedurally defaulted any such claim (Report, ECF No. 37, PageID 164.) Secondly, the Magistrate Judge found Defendant had waived his right to collaterally attach his conviction in the Plea Agreement. *Id.* at PageID 165, citing Plea Agreement, ECF No. 20, PageID 48. Finally the Magistrate Judge found that Defendant admitted all the required scienter elements for his conviction under 18 U.S.C. § 922(g)(1) even if *Rehaif* applies to convictions under that section. *Id.*

Defendant objects that *Rehaif* does not just apply to aliens, but to all persons who do not know they come within one of the categories of persons prohibited from possessing firearms by 18 U.S.C. §922 (g). (Objections, ECF No. 38, PageID 169). He notes that, as the Supreme Court held in *Rehaif*, Congress is presumed to intend a *mens rea* requirement in criminal cases.

Defendant argues that conviction under § 922(g) requires proof of a status element, a possession element, a firearm element, and a jurisdictional element and that the *mens rea/scienter* element of acting knowingly applies to each of them. (Objections, ECF No. 38, PageID 169). He then notes that, as with every element of a criminal offense, the United States must prove each element by proof beyond a reasonable doubt. Defendant claims he is actually innocent because he did not know he fell into one of the categories of persons prohibited from possessing a firearm. *Id.*

Defendant further claims, although he did not do so in his Motion to Vacate, that his trial attorney provided ineffective assistance of trial counsel because she did not explain every element of the offenses to him. *Id.* at PageID 171. Furthermore he claims his guilty plea was not knowing and intelligent because the Court did not explain the elements to him. *Id.*

Defendant makes no response to the Magistrate Judge's conclusion that his claim is barred by *res judicata* because it could have been but was not raised on direct appeal. He also makes no response to the Magistrate Judge's conclusion that he waived his right to make a collateral attack on his conviction. The Court finds that on the basis of those two points alone the Objections should be overruled.

But Defendant's claim fails on the merits as well. The Supreme Court limited *Rehaif* to aliens, but this Court will assume for the sake of argument that it applies to all categories of persons prohibited by § 922(g) from possessing firearms. Defendant admitted in the Plea Agreement that he knew he fit within one of those categories, to wit, that he was a person who, prior to the date he possessed the three firearms at issue in this case, had been convicted of three felonies carrying possible sentences in excess of one year (Statement of Facts attached to Plea Agreement, ECF No. 20). Because there is no substantive merit to Defendant's claim under *Rehaif*, his trial attorney did not provide ineffective assistance of trial counsel in failing to raise that issue.

**Conclusion**

Based on the foregoing analysis, the Court overrules Defendant's Objections and adopts the Report and Recommendations of the Magistrate Judge. The Motion to Vacate is dismissed with prejudice and the Clerk will enter judgment to that effect. Because reasonable jurists would

not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 13, 2020. \*s/Thomas M. Rose

_____
Thomas M. Rose
United States District Judge