# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:19-cr-080
                                          Also 3:20-cv-117

                                          District Judge Thomas M. Rose
   - vs -                            Magistrate Judge Michael R. Merz

JAMES WARREN,

            Defendant.   :

---

## TRANSFER ORDER

---

This case is before the Court on Defendant's *pro se* Motion for Cause to Review Sentence (ECF No. 41). Warren asks the Court to review his sentence in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). In that case, the Supreme Court held that a *mens rea* requirement of recklessness for a predicate offense was insufficient to support a conviction as an armed career criminal. Warren asserts his prior conviction for felonious assault would be excluded under *Borden*. He asks that his sentencing guideline range be recalculated with that change made and that he be re-sentenced to a lower sentence on that basis.

The authority of a District Court to correct a sentence after it has been imposed is provided in 28 U.S.C. § 2255. While Warren does not characterize his motion as made under 28 U.S.C. § 2255, the Court treats it that way because that is the only authority we would have for modifying the sentence.

1

As modified by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), defendants are limited to one § 2255 motion unless they have obtained the prior permission of the circuit court to file a second or successive motion. In this case Warren previously filed a § 2255 motion (ECF No. 36). District Judge Rose denied that motion on the merits (ECF Nos. 39, 40) and Warren took no appeal. He has not obtained permission from the Sixth Circuit to file a second or successive motion. In the absence of that permission, this Court lacks jurisdiction to consider his current Motion. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). When a defendant files a second or successive § 2255 motion, this Court's responsibility is limited to transferring the case to the Sixth Circuit for its consideration. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, the Clerk is ordered to transfer the instant Motion to the Sixth Circuit for its determination of whether to allow a second or successive § 2255 motion. The Clerk shall terminate the instant Motion on the docket of this Court.

July 13, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge